IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00804-TPO

DEIBIS GARCIA CHINEA,

     Petitioner,

v.

PAMELA BONDI, U.S. Attorney General,

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security,

TODD LYONS, Acting Director,
Immigration and Customs Enforcement, and

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility;

in their official capacities,

     Respondents.

---

## ORDER

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties consented to this Court's jurisdiction [ECF 7], and Chief Judge Daniel D. Domenico referred the matter to this Court "for all purposes pursuant to 28 U.S.C. §636(c)." *See* ECF 9. This Court issued an Order to Show Cause [ECF 4] to which Respondents filed a Response [ECF 8]. With the filing of Petitioner's Reply [ECF 10], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having

reviewed the Petition, its briefing, and the relevant case law, the Court **grants** Count One of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Cuba. ECF 1 ¶ 19; ECF 1-5. He entered the United States on November 8, 2021. ECF 1 ¶ 53. Respondents state that Petitioner entered without inspection at that time and was taken into custody. ECF 8 at 2.

On November 18, 2021, the Department of Homeland Security (DHS) released him into the United States [ECF 8 at 2] pursuant to a Notice of Custody Determination (Form I-286) and Order of Release on Recognizance (Form I-220A). ECFs 1-3 and 1-4. Respondents concede that DHS thereby released Petitioner in accordance with 8 U.S.C. § 1226(a). ECF 8 at 2 n.2. Following his release, Petitioner asserts that he reported to Immigration and Customs Enforcement (ICE) "but was turned away and instructed to send an email to reschedule." ECF 1 ¶ 55. He complied with that instruction, but "he never received a new appointment date." *Id.*

Petitioner adds that he has a child who is a United States citizen; has a valid work permit and has maintained stable, lawful employment; and has a valid driver's license. ECF 1 ¶ 58. Petitioner denies any criminal convictions. *Id.* Respondents do not contest these representations.

On September 9, 2025, DHS issued Petitioner a Notice to Appear, thus initiating deportation proceedings against him. ECF 1-5. On the Notice to Appear, DHS charged Petitioner as being "an alien present in the United States who has not been admitted or paroled," not as an "arriving alien." ECF 1-5.

On November 13, 2025, immigration authorities arrested Petitioner at his home in Florida for violating state litter laws. ECF 1 ¶¶ 19, 57. Petitioner was then placed in ICE custody. *Id.* ¶¶ 19, 57, 69. As of the time of the filing of the Petition, Petitioner remains in custody at the Denver

Contract Detention Facility. *Id*. ¶ 59. Petitioner complains that he was detained "without any individualized custody redetermination, bond hearing, or meaningful opportunity to challenge his detention." *Id*. ¶ 69.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has remained in immigration custody at the Denver Contract Detention Facility since November 13, 2025, and remains so to-date. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

Petitioner argues that his immigration detention is unlawful in several respects. He first argues that his detention violates the Immigration and Naturalization Act (INA), 8 U.S.C. § 1226(a). ECF 1 ¶¶ 60-62. Next, he argues that his continued detention violates his procedural and substantive due process rights. *Id.* ¶¶ 63-81. Finally, he argues that his detention violates related federal regulations and the Administrative Procedure Act (APA). *Id.* ¶¶ 82-99. Petitioner seeks his immediate release, or, in the alternative, he asks this Court to compel Respondents to conduct the omitted bond hearing. *Id.* at 25.

**I.      Whether 8 U.S.C. § 1225 or 8 U.S.C. § 1226 Governs Petitioner's Detention**

Petitioner first seeks release claiming a violation of the INA. ECF 1 ¶¶ 60-62. He alleges that Respondents are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) when he is actually subject to detention under 8 U.S.C. § 1226(a) and thus entitled to a bond redetermination hearing. Because this Court finds that Petitioner prevails on the merits of this argument, it addresses Count One first.

As acknowledged by the government, ECF 8 at 2, this Court has already addressed this issue in a case with similar facts. *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A), entitling him to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. ECF 8 at 2. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here . . . as the facts of this case are not materially distinguishable from that case . . ." *Id.* at 4. The government is correct, and this Court finds, as it did in *Colindres Carmona* and now multiple other cases, that Petitioner is being detained subject to 8 U.S.C. § 1226(a) and is entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portillo Martinez v. Baltazar*,

No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. He has demonstrated an established presence in the United States since November 2021

The principal thread of Respondents' argument is that all noncitizens who entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. Respondents claim that *Jennings* supports their

conclusion. ECF 8 at 3 (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650 at *5 (collecting cases).

Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 8 at 3 (citing *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Montoya v. Holt*, No. 25-cv-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025)). However, as U.S. District Judge Charlotte N. Sweeney explains in *Singh v. Baltazar*, --- F. Supp. 3d ---, 2026 WL 352870, at *3-6 (D. Colo. Feb. 9, 2026), *Buenrostro-Mendez* is neither controlling

nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit and throughout the country that have interpreted §§ 1225(b) and 1226(a) and have concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy based on this Court's determination. ECF 8 at 4.

Although not necessary to this Court's determination, the fact that Respondents previously released Petitioner under the authority of § 1226 supports the conclusion that § 1226 applies to Petitioner's present detention. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *2 (D. Colo. Mar. 5, 2026); *Yaman v. Lyons*, No. 26-cv-00556-DC-SCR, 2026 WL 323060, at *4 (E.D. Cal. Feb. 6, 2026).

## II.    Petitioner's Remaining Claims for Relief

Because this Court already is ordering a release determination/bond hearing pursuant to § 1226(a), this Court declines to reach Petitioner's additional claims. *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at n. 3 (D. Colo. Feb. 17, 2026) (citing *Hernandez*, 2025 WL 2996643 at *8). This Court denies Count Four (which makes a related claim that mandatory detention violates related federal bond regulations) and Count Five (APA) as moot. This Court denies Petitioner's due process-based claims as premature, but without prejudice to re-assert them should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at *8 (citations omitted).

## **CONCLUSION**

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within five days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at *4. The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary and because the immigration judge is in a better position to decide between detention or release in the immigration context. *Id*. (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within five days of this Court's order, *i.e*., **by March 28, 2026**; and

3) On or before **March 31, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 23rd day of March, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

8